25CA1443 Peo in Interest of JTR 11-13-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1443
Pueblo County District Court No. 25MH30060
Honorable Amiel Markenson, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of J.T.R.,

Respondent-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE BERNARD*
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 13, 2025

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County
Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Respondent, J.T.R., appeals the district court's order authorizing staff at the Colorado Mental Health Hospital in Pueblo, which we shall call the "state hospital," to medicate him against his will. We affirm.

I.    Background

¶ 2    For the fifth time in fewer than three years, the state hospital admitted J.T.R. in July 2025 after a judge found he was incompetent to stand trial on criminal charges. He has a long history of mental illness; according to the affidavit of his treating physician at the state hospital, he suffers from bipolar disorder.

¶ 3    The physician's affidavit described a repeating cycle of events. Treatment at the state hospital would restore J.T.R. to competency; he would return to the jail where charges were pending against him; he would refuse to take his psychiatric medication while in the jail; his mental condition would deteriorate to the point where he was no longer competent; and a court order would return him to the state hospital, where the cycle would begin again.

¶ 4    During J.T.R.'s most recent stint at the state hospital, he spat at and tried to punch members of the hospital's staff; he put one of his fists in his rectum; and he smeared blood from his injured

1

rectum on his face. In response, staff gave him psychiatric medication on an emergency basis.

¶ 5 The government promptly asked the court to issue a six-month order authorizing the continued involuntary administration of the medications they had given J.T.R. on an emergency basis: lithium, Zyprexa, and Haldol. The request stated the staff would give J.T.R. Haldol if he needed it for episodes of acute agitation, and the treating physician added Haldol may also be administered if he refused to take the oral dosage of lithium.

¶ 6 At an evidentiary hearing to resolve the government's motion, the treating physician said the court should allow the state hospital to treat J.T.R. with medication against his will because (1) he was incompetent to participate effectively in his treatment decisions; (2) the requested medications were necessary (a) to prevent a significant and likely long-term deterioration in his mental health condition, and (b) to prevent the likelihood he would pose a serious risk of harm to himself and others; (3) a less intrusive treatment alternative — specifically, treatment with only lithium — was not effective; and (4) his need for psychiatric medications outweighed

any bona fide interest he had in his refusing to take the medications. *See People v. Medina*, 705 P.2d 961, 973 (Colo. 1985).

¶ 7  The court found the treating physician's testimony was credible and persuasive. The court later adopted the physician's opinions in its order.

¶ 8  J.T.R. testified that he objected to taking psychiatric medications other than lithium because they caused various side effects and that taking pharmaceuticals was against his religion. Without deciding whether his testimony about side effects was credible, the court found the possible side effects and his religious objection to taking pharmaceuticals were bona fide and legitimate reasons to refuse medication. But the court also found his prognosis without treatment was so unfavorable that, despite his bona fide and legitimate interests in refusing the medication, his personal preferences must yield to the government's interests.

¶ 9  The court ultimately found the government had provided clear and convincing evidence for each of the four *Medina* elements listed above. It issued an order authorizing the state hospital's staff to administer all the requested medications.

## II.  Discussion

¶ 10    J.T.R. raises a single issue on appeal.  He submits the record does not contain sufficient evidence to support the court's findings and conclusions concerning the fourth *Medina* element, which was whether his need for treatment was sufficiently compelling to override his bona fide and legitimate interests in refusing treatment. *See id.*  He contends, based on his testimony that the medications do not actually help him because "on the inside [he is] suffering all the time," the government's interests in treating him did not outweigh his interests in refusing treatment.  We conclude the record amply supports the court's determinations concerning the fourth element.

### A.    Standard of Review and Legal Authority

¶ 11    When a patient challenges the sufficiency of the evidence supporting a court's findings on any of the *Medina* elements, we review the record as a whole and, viewing it in the light most favorable to the government, we decide whether the evidence is sufficient to support the court's decision.  *People in Interest of Ramsey*, 2023 COA 95, ¶ 23.  We review the court's conclusions of law de novo, and we defer to its findings of fact if they are

4

supported by evidence in the record. *People v. Marquardt*, 2016 CO 4, ¶ 8. We also defer to the court's resolution of evidentiary conflicts and its determinations of witness credibility, the weight of the evidence, and the inferences to be drawn from it. *See People in Interest of R.C.*, 2019 COA 99M, ¶ 7. A physician's testimony alone may constitute clear and convincing evidence. *See People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992).

¶ 12     In assessing the sufficiency of evidence for the fourth *Medina* element, a court must determine (1) "whether the patient's refusal is bona fide and legitimate" and, if so, (2) "whether the prognosis without treatment is so unfavorable that the patient's personal preference must yield to the legitimate interests of the state in preserving the life and health of the patient placed in its charge and in protecting the safety of those in the institution." *Medina*, 705 P.2d at 974.

### B.     Sufficient Evidence of Fourth *Medina* Element

¶ 13     J.T.R. challenges the court's determination that his prognosis without treatment was so unfavorable that his interest in refusing medication must yield to the government's interests in preserving his health and in protecting the safety of others in the state

hospital. After examining the record, we conclude the treating physician's affidavit and testimony, which the court found credible and incorporated into its order, support this finding.

¶ 14 The treating physician testified he had treated J.T.R. during each of J.T.R.'s five hospitalizations since 2022. Based on his contact with J.T.R. during those times, he thought, without treatment with the proposed medications, J.T.R. would suffer multiple symptoms of mania, including delusions, paranoia, and impulsivity; he would be suicidal; and he would hurt himself.

¶ 15 On the one hand, the physician described several incidents when J.T.R. was insufficiently medicated. He had engaged in aggressive or self-harming behavior, including spitting at hospital staff, making explicit threats of violence, attempting to punch and kick staff, attempting to eat his own flesh, and lighting his own beard on fire.

¶ 16 On the other hand, when J.T.R. was appropriately medicated — as he had been with lithium and Zyprexa in at least three of his four prior hospitalizations — his symptoms improved and stabilized, and he was restored to competency. The treating

physician added there was no record of him suffering significant side effects from either of those medications.

¶ 17 To the extent J.T.R.'s testimony conflicts with the treating physician's testimony and affidavit, we defer to the court's resolution of the conflicts. *See R.C.*, ¶ 7. And, because ample evidence supports the court's decision that J.T.R.'s need for treatment was sufficiently compelling to override concerns about the medication's side effects and the treatment's intrusion on his religious rights, we conclude the fourth *Medina* element was satisfied. *See Marquardt*, ¶ 8.

¶ 18 The order is affirmed.

JUDGE WELLING and JUDGE SULLIVAN concur.